UNITED STATES DISTRICT COURT FOR
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JAMES MACK,<br>Defendant, | ) |
| | ) |
| VS. | Case No. 15-00407-02-CR-W-HFS |
| | ) |
| UNITED STATES OF AMERICA,<br>Respondent. | ) |

## MEMORANDUM OF LAW IN SUPPORT
## OF RULE 32 OBJECTIONS TO
## PRESENTENCE REPORT

**COMES NOW, JAMES MACK,** respectfully file before this Honorable Court, motion for a **Rule 32,** and through court appointed counsel Anita Burns state the following in support of defendant's objections to presentence report and all applicable mitigating factors that apply in defendant Mack's case before the United States Sistrict Court.

Defendant Mack state the following in support of **Rule 32,** and **U.S.S.G. 6A1.1.**

## SUMMARY OF ARGUMENTS

Defendant Mack, entered into a **Rule 11(c)(1)(B),** before the district court, accepting responsibility for the criminal complaint filed in case number 15-00407-02-CR-W-HFS, filed by the United States Attorney's Office. Although, Mack has openly plead guilty to Count One of the indictment charging the defendant with a violation of 21 U.S.C. 841(a)(1), (b)(1)(B) and 846, that is conspiracy to distribute marijuana, and Count Two of the indictment charging the defendant with a violation of 18 U.S.C. 1956 (a)(1)(B)(i), (ii) and (h), that is conspiracy to commit money laudering,

Defendant Mack, respectfully proceed before the court with the following stipulations and relevant claims raised before the court based upon all mitigating factors considered in defendant Mack's case.

Defendant Mack, entered into a timely plea agreement with the U.S. Attorney's Office, and the district court, Mack seeks to argue additional mitigating factors applicable to the United States Sentencing Guidelines, and in response to the objections made in Mack's presentence report November 28, 2017.

## RULE 32(C)(3)(D)

Defendant Mack, contends that the **F.R.C.P.** Also demand scrupulous fairness and accuracy in the imposition of sentence **Fed.R.Crim.P. 32(c)(3)(D),** requires trial courts to determine the accuracy of challenged factual allegations contained in the presentence report before sentencing a defendant. The court are instructed that:

> "If the comments of the defendant and the defendant's counsel or testimony or other information introduce by them alleged any factual accuracy in the presentence investigation report or the summary of the report or part of thereof, the court shall, as to each matter controverted, make (I) a finding as to the allegations, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account at sentencing."

-2-

Defendant Mack, further argues when he make a challenge the information contained in his presentence investigation report, the district court must make a written fomdings of the fact concerning any disputed matters which it relies upon in sentencing. **United States V. Turner, 898 F. 2d 705, 109 (9th Cir.). Fed.R.Crim.P. 32(c)(3)(D).** Strick compliance with Rule 32(c)(3)(D) is required and failure to comply will result in the case being remand. United States V. Conkins, 987 F. 2d 564, (9th Cir. 1993 quoting United States V. Tuner, 989 F. 2f 705 (9th Cir).

Mack, point the court direction toward the United States Appeal Court for the Fifth Circuit in which the court rendered a decision that departs from the accepted proceedings of the cases below in dealing with a lower courts failure to follow Rule 32 procedure on the issue of disputed facts in the presentece investigation report. **Basil V. United States, 999 F. 2d 274, United States V. Hammer, 3 F. 3d 266, United States V. Sherbak, 950 F. 2d 1095,** and **United States V. Hooten, 042 F. 2d 878.** Defendant asserts before the court that the Sentencing Guidelines also set forth the policy for resolving dispute over factors important to the sentencing determinations in section **6A1.3 paragraph (b)** of this section provide that the court shall resolve disputed factors in accordance with Rule 32.

### DEPARTURE BASED ON INADEQUACY OF MACK'S CRIMINAL HISTORY

Defendant Mack, argues before the court that, (1) Standard for Downward Departure- If Reliable information indicates that the defendant's criminal history category substantially over-represent the seriousness of his criminal history category or the likelihhod that the defendant will commit other crimes, a downward departure may be warranted.

-3-

Defendant Mack, respectfully argues before the court that there exist no agreement in defendant's **Rule 11(c)(1)(B),** in regard to Mack's criminal history category, see **Plea Agreement, p. 8, section (e),** which states: "There is no argeement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine the applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office."

The U.S. Probation Office presentence investigation report established a criminal history score of six points, counsel Burns raised relevant objections to the accumulation of the six points, and determine that three points should apply in defendant Mack's case before the court, see **Objections to [P.S.R.], p. three,** dated November 28, 2017.

Defendant Mack, was born on April 21, 1979, which make him 38 years of age. Although, defendant experienced some minor issues with the law that resulted in juvenile detention over 20, years ago, mis-represent the factual assessment of Mack's criminal history category. Defendant is a resident of Denver Colorado, lived there almost all his life, defendant work daily, and recently prior to his arrest was married, and now has a new born daughter. There no violent or career charges applicable to defendant's case before the court. In Mack's **[PSR],** there exist discrepancy, as to defendant's involvement in illegal activities, there no factual basis to support these false allegations before the court, and therefore cannot apply in defendant Mack's case by no circumstances whatsoever. Since, defendant Mack adult age he has lived a productive life in the community, providing for his family, involved in community activities at his church, raising his children. Mack, immediately accepted responsibility for Count One and Two of the Government's indictment filed against defendant. Based upon the stated information raise before the court, that the three criminal history points established in Mack's case substantially over mis-represent the seriousness defendant's criminal history, Mack should be eligible for downward departure.

See, United States V. Collins, 122 F. 3d 1297, United States V. Hammond, 240 F. Supp. 2d 872, United States V. Brown, 956 F. 2d 478, United States V. Taylor, 843 F. Supp. 38, United States V. Nelson, 740 F. Supp. 1502, United States V. Lovato, 798 F. Supp. 2d 1257.

# LIMITATION ON APPLICABILITY OF
# STATUTORY MINIMUM SENTENCE IN
# CERTAIN CASE BEFORE THE COURTS

As provided in subsection (b) the case of an offense under **21 U.S.C. 841, 844, 846, 960, or 963** the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets criteria in **18 U.S.C. 3553(f)-(1)(5).**

The defendant does not have more then 1, criminal history point, as determined under the sentencing guideline before application of subsection (b) of **4A1.3** (Departure based on Inadequacy of Criminal History Cayegory);

The defendant did not use violence or creditable threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so in connection with the offense);

The defendant was not an orginizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in **21 U.S.C. 848;** and not later then the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that was part of the same course of conduct or of common scheme or plan, but the fact that the defendant has no relevant or useful othere information to provide or that the government is already aware of the information shall not preclude a determination by the court that the defendant has completed with this requirement.

Notwithstanding, that sentencing judge elected to depart by treating defendant as faling in Criminal History Category I, rather then category III where his four points originally placed him, defendant had four criminal history points and thus was ineligible for safety valve provision.

See, **United States V. Resto, C.A.2 (N.Y.) 1996, 74 F. 3d 22.**

## 3553(a) IMPOSITION OF SENTENCE
## BEFORE THE DISTRICT COURT

Defendant Mack, argues factors considered in imposing a sentence sufficient but not greater than necessary to comply with the purpose set forth in paragraph (2) of the subsection. The Court in determining the particular sentence to be imposed, shall consider, 1. The nature and circumstances of the offense and the history and character of the defendant; 2. The need for sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (B) to afforded adequate deterrence to criminal conduct (C) to protect the public from further crime of defendant... District Courts must consider all of the statutory sentencing factors to guide its discretion at sentencing. See **Peugh V. United States, 133 S. Ct. 2072, 186 L. Ed. 2d 84, United States V. Davis, 682 F. 3d 1074, United States V. Stroud, 673, F. 3d 854.**

## RESOLUTION OF DISPUTED
## FACTORS

When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the Rules of Evidence applicable at trial, provided that the information has significant indicia of reliability to support its probable accuracy.

The Court shall resolve disputed sentencing factors at a sentencing hearing in accordance with **Rule 32(i), Fed.R.Crim.P.** See **United States V. Weston, 448 F. 2d 626 .**

**United States V. Marshall, 519 F. Supp. 751 (E.D.), Wis. 1981.**

### MINOR OR MINIMAL PARTICIPANT

Defendant Mack, contends that he is entitled to a minimal role in the conspiracy charged in Count One of defendant's indictment. Mack raise before the district court **3B1.2** minor role in the offense based upon defendant's participation in the offense, and seek before the court a two level decrease in Mack's base offense level based upon the following arguments.

Defendant Mack, argues that he is entitled to a mitigating role reductions action should be compared against other participant, and defendant culpability should be evaluated before the court. See **United States V. Salazar-Aleman, 741 F. 3d 878, United States V. Stanley, 134, 739 F. 3d 633, United States V. Pinkin, 675 F. 3d 1088.** Sentencing court has broad discretion to determine the appropriateness of a downward departure.

A minor role applies to a defendant described in Application Note **3(A)**, who is less culpable than most other participant, but whose role could not be described as minimal.

See, **United States V. Rangel-Arreola, 991 F. 2d 1519,**
   **United States V. Gallegos, 868 F. 2d 711,**
   **United States V. Pena, 33 F. 3d 2,**
   **United States V. Pofahl, 990 F. 2d 1456,**
   **United States V. Bush, 352 F. 3d 1177,**
   **United tates V. Labbe, 588 F. 3d 139,**
   **United States V. Tabares, 951 F. 2d 405.**

See, **United States V. Isaza-Zapata, 148 F. 3D 236, 239 (3d Cir. 1998)** (appropriateness of minor role reduction judge on basic of all relevant conduct under **1B1.3; United States V. Smoddy, 139 F. 3D 1224-32 (8th Cir. 1998)** (defendant convicted of "sole participant" offense may nonetheless qualify for reduction under **3B1.2** of **(1)** the relevant conduct for which the defendant is accountable involved more then one participant; and **(2)** the defendant's culpability for such conduct was relatively minor comparaed to that of the other participant or participants); **United States V. Westerman, 973 F. 2D 1422, 1427-28 (8th Cir. 1992)** (sentencing court improperly based denial of reduction on defendant's active role in arson conspiracy instead of considering defendant limited role in mail fraud conspiracy of which arson was a part); **United States V. Webster, 996 F. 2D 209, 212 (9th Cir. 1993)** remanding the case to sentencing court for determination of whether defendant courier convicted of possession with intent to distribute PCP, played minor role in overall drug scheme); **United States V. Harfst, 168 F. 3d 398, 403 (10th Cir. 1999)** (court may consider underlying scheme, not only offense of conviction in determining role adjustment); **United States V. Caballern, 936 F. 2D 1292, 1298-99 (D.C. 1991)** (defendant could receive adjustment even though offense of conviction involve no other participants, if evidence showed that defendant's relevant conduct involved more then one participant and defendant's culpability for that conduct was minor relative to other participants.

Defendant Mack, further argues before the court, 4B1.2(a)(2), the presentence report **(PSR)**, recommend application of the career offender enhancement in which defendant Mark argues that is not applicable to Mack's sentencing guidelines before the district court.

The Second Circuit has found government's concession, that a New York Youthful Offender adjudication was to be considered a juvenile sentence for purpose of the applicable time period for counting prior sentence. See **United States V. Douglas, 81 F. 3d 324, 327 (2d Cir. 1996)**, (government conceded that New York New York state Youthful Offender Adjudication imposed more than five years before the instant offense was juvenile sentence and thus should not have been counted in the criminal history score. In a case in which a defendant was (1) less than 18 years of age at the time of a prior robbery offense (2) convicted as an adult under West Virginia law, (3) then sentence to confinement as a juvenile, and (4) release from confinement more then five years before the current offense.

The Fourth Circuit has held that, despite the adult nature of the conviction, **4A1.2(d)(2)** rather than (d)(1) applies as the sentence was not an "adult" sentence of imprisonment of more than one year and thus, the prior conviction was not countable for purpose of **4B1.1,** because more than five years elapsed between the subject's release on the prior sentence and the commission of the instant offense. See **United States V. Mason, 284 F. 3D 555, 558-62 (4th Cir. 2002).**

Defendant Mack, contends that the records before the court will establish in his case the United States Probation Office's misinterpretation of the assessment made toward Mack's applicable guidelines under 4B1.2(d).

-10-

**WHEREFORE,** defendant Mack's new criminal history category should decrease virtical to criminal history category **I,** based upon the applicable arguments defendant Mack made pursuant to **4A1.3,** overmisrepresentation of Mack's criminal history, a two level decrease for **3B1.2,** minor role in the offense, and a three level decrease pursuant to **3E1.1,** for acceptence of responsibility. Defendant Mack, base offense level should be established at **25,** with a five level decrease render a new base offense level at **20,** and a sentencing guideline range of **33-41, months.**

## CONCLUSION

Defendant Mack, pray that the court take into consideration all applicable mitigating factors respectfully raised before the court, pursuant to **Rule 32**, and impose a sentence in accordance with the advisory guidelines, **18 USC 3553(a).** Defendant Mack request a sentence at the low end of the guidelines, of **33, months.**

**Respectfully submitted**

-11-

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury as delineated in title 28 U.S.C. 1746, that the foregoing motion for a **Rule 32,** is correct to the best of my knowledge and a copy has been provided to each parties name in the motion by U.S. Mail First class postage prepaid and deposited on this;

___12th___ day of ___Feb___ 2018.

CLERK'S OFFICE OF U.S. DISTRICT
COURT FOR THE WESTERN DISTRICT
OF MISSOURI
400 East Ninth Street
Kansas City, Missouri 64106

UNITED STATES ATTORNEY'S OFFICE
Assistant U.S. Attorney's
400 East Ninth Street
Kansas City, Missouri 64106

FEDERAL PUBLIC DEFENDER's office
Ms. Anita Burns
818 Grand Avenue, Suite 300
Kansas City, Missouri 64106

_/s/ James Mack_
Mr. James Mack
100 Highway Terrance
Leavenworth, Kansas 66048

-12-