IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-00407-2-CR-W-HFS |
| | ) | |
| JAMES MACK, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the court is defendant's pro se Motion for Compassionate Release (Sealed) under 18 U.S.C. § 3582. (Doc. 134). For the following reasons, the motion is denied.

On August 18, 2017, Defendant pled guilty to one count of conspiracy to distribute marijuana and one count of money laundering (Doc. 66). On March 6, 2018, he was sentenced by this court to 60 months on Count One and 60 months on Count Two, concurrent with each other, in the BOP. (Docs. 98, 100.) His expected release date is December 11, 2021.

1

In support of his motion, defendant states that the threat posed by COVID-19 constitutes an extraordinary and compelling reason to grant his early release. Defendant states he is incarcerated in the Bureau of Prisons (BOP) at FCI Englewood. He states that FCI Englewood has already had four inmates test positive for COVID-19 and it is only a matter of time before more inmates become infected. He asserts that the facility, like all BOP facilities, has not—and because of its prison setting, cannot—effectively implement social distancing and similar measures required to slow the spread of the virus and that inmates still congregate, sleep, and eat together.

Defendant also claims he is at high risk of serious complications if he contracts the virus. He is 41 years old and suffers from Asthma and Allergic Rhinitis. He is prescribed Albuterol Inhaler and Mometasone Furoate Inhaler and uses a rescue inhaler 3-4 times per week and his daily inhaler twice per day. Defendant has been admitted to the hospital on two occasions (2013 and 2014) due to asthma attacks. Defendant contends that based on his asthma he had made the requisite showing, that being infected by COVID19 is not just hypothetically dangerous to his health, but that there is a significant risk of serious complications or even death should he contract COVID-19.

The Government opposes the motion, arguing that the BOP has taken satisfactory measures to prevent and curtail the spread of COVID-19 within its facilities (Doc. 136, pgs. 3-7); that defendant's circumstance is not extraordinary in the context that many individual across the nation are in the same or similar position as the defendant; and the defendant's medical condition remains the same whether he is released.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense of offenses for which the defendant is currently

imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. United States v. Dickerson, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020).

Defendant does not present significant extraordinary and compelling reasons to reduce his sentence. While this court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, in this case defendant's age and apparent health conditions do not rise to the level of concern that warrants a sentence reduction for extraordinary and compelling reasons.

In addition to the system-wide precautions taken by the BOP to mitigate the possibility of infection within its facilities, recent BOP reports about rates of infection at FCI Englewood indicate that of approximately 945 inmates, there have been 7 confirmed active cases among inmates and no deaths.[1] Additionally,

---

[1] https://www.bop.gov/coronavirus/inmates

Defendant is only 41 years old and data shows a person in the ages of 65 + have made up approximately 75% of the total deaths in the United States. There is no suggestion that Defendant does not have access to his asthma medication or that his asthma is not controlled by medication. As far as his hospital admissions, those two events occurred in 2013 and 2014, and by defendant's own admission, one of the hospitalizations may have been caused by running out of one of his prescribed medications. (Doc. 134, p.5). Defendant's inability to show that his medical conditions substantially diminishes his ability to provide self-care within the facility fails to constitute extraordinary and compelling reasons to merit compassionate release.[2] United States v. Fry, 2020 WL 1923218 (D. Minn.). See also United States v. Osborne, 2020 WL 3258609 (E.D. Ark.)("Unfortunately, fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release. Osborne's asthma and seizure disorder seem to be controlled by his medication.").

---

[2] If covid conditions worsen at defendant's facility or nationally, given defendant's special vulnerability, he may be furloughed by the warden (but not the sentencing judge), which would help safeguard his health but not reduce the punishment appropriately imposed.

5

The cases cited by plaintiff as supporting compassionate relief for prisoners suffering from asthma are distinguishable. In United States v. Park, 2020 WL 1970603 (S.D.N.Y. Apr. 24, 2020), plaintiff suffered "severe asthma" and her health was described as "very poor." In addition, the facility was experiencing "significant levels of infection." In United States v. Gorari, 2020 WL 1975372 (D. Nev. Apr. 24, 2020) compassionate release was granted to a 34-year-old defendant with asthma as the only listed medical condition. However, evidence was also presented that Defendant has not received breathing treatments to clear his lungs, despite repeated requests. Thus, the court concluded that defendant has been unable to self-care in a BOP facility already overburdened by its COVID-19 response.

Accordingly, defendant's motions for compassionate release (Doc. 134) is DENIED.

**SO ORDERED.**

       s/HOWARD F. SACHS
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September 1, 2020
Kansas City, Missouri